In the Matter of GRANTSVILLE HOTEL ASSOCIATES, L.P., Debtor.

HOME FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

GRANTSVILLE HOTEL ASSOCIATES, L.P., Defendant.

Bankruptcy No. 88–608.
Motion No. 89–49.

United States Bankruptcy Court, D. Delaware.

Sept. 7, 1989.

Michael B. Joseph, Wilmington, Del., for plaintiff.

Pace Reich, Philadelphia, Pa., for debtor/defendant.

## BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

Home Federal Savings & Loan Association has moved under § 362(d) of title 11, United States Code, for relief from the automatic stay provisions of § 362(a) to permit it to exercise its rights under state law. Section 362(d) is written in the disjunctive and a movant for relief need only establish (1) cause, which includes lack of adequate protection OR (2) that the debtor lacks equity and the property is not needed for an effective reorganization. This case is no different from most in that the two become mixed and the court is required to deal with both subsections.

The debtor, Grantsville Hotel Associates, operates a Holiday Inn in Garrett County, Maryland. There are two mortgages against that property. Home Federal holds the first mortgage upon which there is a principal and interest balance due as of July 31 of $2,697,860.12 plus additional default charges of $148,637.12 for a total of $2,846,497.24 less approximately $48,500 in escrow for a rounded figure of $2.8 million. The second mortgage held by a third party secures the sum of $750,000. Total debt secured by the property approximated $3,547,500 as of July 31. Interest accrues on Home Federal's mortgage at the rate of $39,959.70 per month.

The appraisers for the Bank and the debtor each revised their original values. The Bank's appraiser dropped his January 1989 appraisal from $2,700,000 to $2,600,000 based upon hotel performance. The debtor's appraiser increased his April 1989 appraisal from $3,026,000 to $3,126,000 based upon a decrease in interest rates. They were in agreement that the present use is the highest and best use and based their valuation upon a discounted cash-flow basis. Debtor's appraiser supported the statement of Mr. Armstrong, speaking for the debtor, to the effect that the value would increase by $1.5 million if all the events likely to occur in the near or predictable future actually occurred.

Earlier in this proceeding, May 1, the parties reached an accommodation based upon projections which if accomplished would have paid to Home Federal a minimum of $135,000 by August 1. Two payments were made for a total of $15,179.06. Some of the events upon which those projections were based did not occur, others did. Some of the events which did not happen are expected to happen within the near future—i.e. opening of the interchange which leads from a four-lane limited access highway into the vicinity of the Holiday Inn parking lot. There is an anticipated contract with a meeting planner along with a general increase in commercial business which is expected to continue and accelerate along with the tourist trade. The property is in good to excellent physical condition.

The question of whether relief must be granted under either of the subsections of § 362(d) hinges upon whether debtor's projections are real or illusory. If real, Home Federal is indeed adequately protected; if illusory, it is not. Under § 362(d)(1) adequate protection is present if the value of Home Federal's collateral exceeds the value of its claim and the difference is either great enough to absorb interest accrual or the debtor is servicing the debt.

Home Federal is in first lien position with a claim of $2.8 million with interest accruing at the rate of approximately $40,000 a month. The average of the two appraisals, not taking into consideration the $1.5 million, is $2,863,000. This results in a minimal cushion that will be absorbed in two months.

Section 362(d)(2) is written in the conjunctive. If the debtor lacks equity in the property and such property is not necessary to an effective reorganization, then the court must grant relief. Again, looking to the average of the two appraisals, $2,863,000, and not taking into consideration the $1.5 million increase, the debtor lacks equity in that the total of the mortgage debt is approximately $3,548,000. This fact alone would not defeat a request

for relief if the property is necessary to an effective reorganization. There is no question but that the property is essential to a reorganization. The question is whether an effective reorganization is realistically possible.

Debtor filed its Chapter 11 in November 1988. The property has been listed with a broker at $3.4 million since before the beginning of this year if not before the bankruptcy filing. It. has been shown once.

■ Home Federal's mortgage first went into default in 1987. Several workout efforts have failed. Debtor does not have funds to service the debt. Its earlier projections based on outside events failed miserably. While there is the possibility that some of these events may occur, they remain mere possibilities. Debtor's ability to effectively reorganize is highly speculative and relief from stay must be granted on the basis of the hard appraisal figures under both § 362(d)(1) and (2).

An order will be entered.